

# Notice of Service of Process

RCS / ALL
Transmittal Number: 14795273
Date Processed: 02/16/2016

| | |
|---|---|
| **Primary Contact:** | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| **Copy of transmittal only provided to:** | Ms. Lisa Lowther<br>Ms. Amy Nguyen<br>Brenda Boster |
| **Entity:** | GGNSC Louisville St Matthews LLC<br>Entity ID Number  2498223 |
| **Entity Served:** | GGNSC Louisville St. Matthews LLC |
| **Title of Action:** | Deborah Riney, Administratrix of the Estate of Joseph A. Riney, Jr. vs. GGNSC Louisville St. Matthews, LLC d/b/a Golden Living - St. Matthews |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Jefferson County Circuit Court, Kentucky |
| **Case/Reference No:** | 16CI00648 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 02/16/2016 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Jeffrey T. Sampson<br>502-584-5050 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

| AOC-105  Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>**CIVIL SUMMONS** | **16-CI-00648**<br>Court ☑ Circuit ☐ District<br>County   Jefferson |
|---|---|---|

**JEFFERSON CIRCUIT COURT**
**DIVISION ONE (1)**

DEBORAH RINEY, ADMINISTRATRIX OF THE ESTATE OF JOSEPH A. RINEY, Deceased

PLAINTIFF

VS.

GGNSC LOUISVILLE ST. MATTHEWS, LLC d/b/a GOLDEN LIVING - ST. MATTHEWS

227 Browns Lane

Louisville                    Kentucky                    40207

DEFENDANT

**Service of Process Agent for Defendant:**
CORPORATION SERVICE COMPANY

421 West Main Street

Frankfort                    Kentucky                    40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 10 2016 , 2____

DAVID L. NICHOLSON, CLERK

_____ Clerk
By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

**16 CI 00648**

NO.                                                                 JEFFERSON CIRCUIT COURT
DIVISION _____
JUDGE _____
JEFFERSON CIRCUIT COURT
DIVISION ONE (1)

**DEBORAH RINEY, ADMINISTRATRIX**                 PLAINTIFF
**OF THE ESTATE OF JOSEPH A. RINEY,**
**JR., Deceased**

v.

**GGNSC LOUISVILLE ST. MATTHEWS, LLC**           DEFENDANT
**d/b/a GOLDEN LIVING – ST. MATTHEWS**
   Serve: Corporation Service Company
          421 West Main Street
          Frankfort, KY 40601

## COMPLAINT

\* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Deborah Riney, Administratrix of the Estate of Joseph A. Riney, Jr., Deceased and for her causes of action against Defendant states as follows:

1. Deborah Riney brings this action pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).

2. Deborah Riney is the daughter of Joseph Riney, Jr., and a resident of Louisville, Jefferson County, Kentucky.

3. Deborah Riney is the Administratrix of the Estate of Joseph Riney, Jr., pursuant to the Order appointing her Administratrix, Jefferson County Probate Court, Case No. 15-P-004706, and therefore brings this action on behalf of the Estate of Joseph Riney, Jr. A copy of the Certificate of Qualification appointing Deborah Riney as Administratrix on October 27, 2015, is attached hereto marked as **Exhibit A**.

4. Upon information and belief, Joseph Riney, Jr., was admitted as a resident of Golden Living Center – St. Matthews located at 227 Browns Lane, Louisville, Kentucky 40207

1

on September 19, 2011 and remained a resident there until his death on July 15, 2015. The injuries he sustained while a resident of Golden Living Center – St. Matthews were a substantial contributing factor to his death. Ultimately, Joseph Riney, Jr., died on July 15, 2015. The injuries he sustained while a resident at Golden Living Center – St. Matthews were a substantial contributing factor in his death.

     5. The Defendant, GGNSC Louisville St. Matthews, LLC, is a foreign limited liability company organized under the laws of Delaware authorized to do business in the Commonwealth of Kentucky, with its principal office located at 227 Browns Lane, Louisville, Kentucky 40207. Upon information and belief, at all times material to this action, Defendant, GGNSC Louisville St. Matthews, LLC, operated, managed, controlled, and/or provided services for Golden Living Center – St. Matthews, in Louisville, Jefferson County, Kentucky. Upon information and belief, Defendant, Golden Living Center – St. Matthews, was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Golden Living Center – St. Matthews, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, GGNSC Louisville St. Matthews, LLC, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Joseph Riney, Jr. The registered agent for service of process of Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

     6. The Defendant controlled the operation, planning, management, budget and quality control of Golden Living Center – St. Matthews. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources

management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

7. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

8. Joseph Riney, Jr., was a resident of Golden Living Center – St. Matthews from September 19, 2011 until his death on July 15, 2015.

9. Joseph Riney, Jr., was looking to Defendant for treatment of his total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat him.

10. At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Golden Living Center – St. Matthews, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

11. Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

12. Defendant failed to discharge their obligations of care to Joseph Riney, Jr., with a conscious disregard for his rights and safety. At all times mentioned herein, Defendant, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Joseph Riney, Jr., as more fully

set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Golden Living Center – St. Matthews.

13. Due to the wrongful conduct of Defendant, Joseph Riney, Jr., suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

a) Injurious falls;

b) Medication errors;

c) Inappropriate oxygen care;

d) Failure to promote dignity by allowing Joseph Riney, Jr., to remain in saturated diapers frequently;

e) Delayed responses to requests for care;

f) Uninhabitable conditions in Joseph Riney, Jr.'s room by virtue of a lack of air conditioning in the summer months;

g) Failure to dress Joseph Riney, Jr., appropriately by leaving him in winter clothing during summer months;

h) Failure to provide IVs;

i) Dehydration; and

h) Death.

## NEGLIGENCE

14. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 13 as if fully set forth herein.

4

15. Defendant owed a non-delegable duty to Joseph Riney, Jr., to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

16. Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Joseph Riney, Jr.

17. Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

    a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        1) ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Joseph Riney, Jr., as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

        2) ensuring compliance with the resident care policies for the facility; and

        3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

    b) Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

    c) Failure to provide the minimum number of qualified personnel to meet the total needs of Joseph Riney, Jr.;

    d) Failure to maintain all records on Joseph Riney, Jr., in accordance with accepted professional standards and practices:

    e) Failure to ensure that Joseph Riney, Jr., received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

    f) Failure to increase the number of personnel at the facility to ensure that Joseph Riney, Jr., received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to his skin, feet, nails, and oral hygiene;

g) Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Joseph Riney, Jr.'s residency;

i) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Joseph Riney, Jr.:

   1) received timely and accurate care assessments;

   2) received prescribed treatment, medication and diet; and

   3) received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Joseph Riney, Jr., in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

18. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Joseph Riney, Jr. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Joseph Riney, Jr.

19. Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Joseph Riney,

Jr., was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Joseph Riney, Jr.;

b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Joseph Riney, Jr., who was physically helpless or mentally helpless or permitting Joseph Riney, Jr., a person of whom Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Joseph Riney, Jr., in a situation that might cause him serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Joseph Riney, Jr.

c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Joseph Riney, Jr., who was unable to care for himself because of his illness;

d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

20. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Joseph Riney, Jr., suffered the injuries described in Paragraph 13. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional

limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

21.   Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

22.   Joseph Riney, Jr., was looking to Defendant's facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Joseph Riney, Jr., received was being rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible. Defendant or persons or entities under their control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Joseph Riney, Jr., to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

23.   Defendant owed a non-delegable duty to assist Joseph Riney, Jr., in attaining and maintaining the highest level of physical, mental and psychological well-being.

24.   Defendants owed a duty to Joseph Riney, Jr., to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

25.   Defendant owed a duty to Joseph Riney, Jr., to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

26. Defendant owed a duty to Joseph Riney, Jr., to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Joseph Riney, Jr., from danger due to his inability to care for himself. Defendant had a duty to protect Joseph Riney, Jr., from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

27. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Joseph Riney, Jr.

28. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Joseph Riney, Jr., suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

29. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30. Defendant violated statutory duties owed to Joseph Riney, Jr., as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq*. These statutory duties were non-delegable.

31. The violations of the resident's rights of Joseph Riney, Jr., include:

   a) Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality;

   b) Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

   d) Violation of the right to be free from abuse and neglect; and

   e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

32. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

33. With regard to the aforementioned violations of the Resident's Rights Act, Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton

and reckless disregard for the rights of Joseph Riney, Jr., and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

34. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 33 as if fully set forth herein.

35. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendant caused the death of Joseph Riney, Jr., by their wrongful conduct.

36. Joseph Riney, Jr., suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Joseph Riney, Jr., caused his family to suffer more than normal grief upon his death.

37. As a direct and proximate result of such the wrongful death suffered by Joseph Riney, Jr.,Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

38. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 37

as if fully set forth herein.

38.    As a direct and proximate result of the negligence of Defendant as set out above, Joseph Riney, Jr., suffered injuries including, but not limited to, those listed herein. As a result, Joseph Riney, Jr., suffered embarrassment, physical impairment, and death.

39.    Plaintiff seeks punitive and compensatory damages against all Defendant in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Deborah Riney, Administratrix of the Estate of Joseph Riney, Jr., deceased, and on behalf of the wrongful death beneficiaries of Joseph Riney, Jr., prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted,

_____
Jeffrey T. Sampson
**THE SAMPSON LAW FIRM**
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:   (502) 584-5050
*Counsel for Plaintiff*

15P004706

| AOC-807    Doc. Code CQ<br>Rev. 6-10<br>Page 1 of 1<br>**Commonwealth of Kentucky**<br>**Court of Justice**<br>www.courts.ky.gov | <br>**CERTIFICATE<br>OF QUALIFICATION** | Case No. _____<br><br>Court   District/Probate<br><br>County   Jefferson |
|---|---|---|

IN Re: Estate of __Joseph A. Riney, Jr.__

Proper petition having been filed and the Court having appointed _____Deborah E. Riney_____

_____ as _____Administratrix with Will Annexed_____

of the above estate on the _____ day of _____ October OCT 27 2015, 2015, and the fiduciary having

filed in Court bond in the sum of $ __10,000__, the amount fixed, with __N/A__

_____ as surety,

which was approved by the Court, said fiduciary was thereupon duly sworn as required by law and thus qualified

on the above date.

OCT 27 2015

The above Order and Qualification is in full force and effect this _____.
(Date)

Attest: CERTIFIED COPY OF RECORD _____Clerk
OF JEFFERSON DISTRICT COURT

DAVID L. NICHOLSON, CLERK

By _____BY_____ D.C.
Deputy Clerk

backup2/riney.joe.qual

EXHIBIT
A

# Registrar of Vital Statistics
# Certified Copy



**THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND - NOT A WHITE BACKGROUND**

4322902

## KENTUCKY CERTIFICATE OF DEATH

116. 201523998
Case #: E201507210006

| Field | Value |
|---|---|
| 1a. DECEDENT'S LEGAL NAME | JOSEPH A RINEY, JR |
| 1b. IF FEMALE, DECEDENT'S LAST NAME PRIOR TO FIRST MARRIAGE | N/A |
| 2. SEX | MALE |
| 3. ACTUAL OR PRESUMED DATE OF DEATH | July 15, 2015 |
| 4. SOCIAL SECURITY NUMBER | 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 |
| 5a. AGE LAST BIRTHDAY | 86 |
| 6. DATE OF BIRTH | 09/28/1928 |
| 7. COUNTY OF DEATH | JEFFERSON |
| 8. PLACE OF DEATH | Nursing Home/Long Term Care Facility |
| 9. FACILITY NAME | GOLDEN LIVINGCENTER - ST. MATTHEWS |
| 10. CITY OR TOWN, STATE AND ZIP CODE | LOUISVILLE, KY 40207 |
| 11. BIRTHPLACE | DETROIT, MICHIGAN |
| 12. MARITAL STATUS | Widowed |
| 14. DECEDENT'S USUAL OCCUPATION | OWNER |
| 15. KIND OF BUSINESS/INDUSTRY | MANUFACTURING |
| 16. WAS DECEDENT EVER IN U.S. ARMED FORCES? | No |
| 17a. RESIDENCE - State | KENTUCKY |
| 17b. COUNTY | JEFFERSON |
| 17c. CITY OR TOWN | LOUISVILLE |
| 17d. STREET AND NUMBER | 9703 ABBEYWOOD VILLAGE WAY |
| 17e. ZIP CODE | 40241 |
| 18. DECEDENT'S EDUCATION | High School Graduate or GED Completed |
| 19. DECEDENT OF HISPANIC ORIGIN? | No, not Spanish/Hispanic/Latino |
| 20. DECEDENT'S RACE | White |
| 21. FATHER'S NAME | JOSEPH RINEY, SR |
| 22. MOTHER'S NAME PRIOR TO FIRST MARRIAGE | LILLIAN MARGARET SCHNELLENBERGER |
| 23a. INFORMANT'S NAME | DEBORAH RINEY |
| 23b. RELATIONSHIP TO DECEDENT | DAUGHTER |
| 23c. MAILING ADDRESS | 9703 ABBEYWOOD WAY, LOUISVILLE, KY 40241 |
| 24. METHOD OF DISPOSITION | Burial |
| 25. PLACE OF DISPOSITION | CALVARY CEMETERY |
| 26. LOCATION | LOUISVILLE, KY |
| 27. SIGNATURE OF FUNERAL SERVICE LICENSEE | CHARLES PRICE |
| DATE SIGNED | 07/21/2015 |
| 28. KY LICENSE NUMBER | 5286 |
| 29. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY | RATTERMAN BROTHERS FUNERAL HOME, 3711 LEXINGTON ROAD, LOUISVILLE, KY 40207 |
| 30. DATE PRONOUNCED DEAD | 07/15/2015 |
| 31. ACTUAL OR PRESUMED TIME OF DEATH | APPROX. 1515 |
| 32. WAS MEDICAL EXAMINER OR CORONER CONTACTED? | No |

### 33. CAUSE OF DEATH

PART I.
a. IMMEDIATE CAUSE: CARDIOPULMONARY ARREST — MINUTE(S)
b. END STAGE DEMENTIA — MONTH(S)

PART II. Other significant conditions: CORONARY ARTERY DISEASE, HYPERTENSION, HYPERLIPIDEMIA

| Field | Value |
|---|---|
| 34. MANNER OF DEATH | Natural |
| 35. WAS AN AUTOPSY PERFORMED? | No |
| 37. DID TOBACCO USE CONTRIBUTE TO DEATH? | Probably |
| 46. TO BE COMPLETED BY CERTIFIER | SIGNATURE: LEON BUTLER, MD |
| 47. DATE CERTIFIED | 07/22/2015 |
| 48. LICENSE NUMBER | 42017 |
| 49. TITLE OF CERTIFIER | PHYSICIAN |
| 50. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH | LEON BUTLER, MD2U, 140 WHITTINGTON PARKWAY SUITE 100, LOUISVILLE, KY 40222 |
| 51. REGISTRAR'S SIGNATURE | Paul F. Royce |
| 52. DATE FILED | 07/22/2015 |

FORM VS NO. 1-A (REVISED 06/2015)

**THIS PAPER CONTAINS A GENUINE WATERMARK WHICH CAN BE VIEWED BY TRANSMITTED LIGHT**

I, Paul F. Royce, Registrar of Vital Statistics, hereby certify this to be a true and correct copy of the certificate of birth, death, marriage or divorce of the person therein named, and that the original certificate is registered under the file number shown. In testimony thereof I have hereunto subscribed my name and caused the official seal of the Office of Vital Statistics to be affixed at Frankfort, Kentucky this _____22_____ day of _____July_____, 20_15_.

Paul F. Royce
State Registrar



DAVID L. NICHOLSON
JEFFERSON COUNTY CIRCUIT COURT
LOUIS D. BRANDEIS HALL OF JUSTICE
600 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202



7014 1820 0000 8588 8789



U.S. POSTAGE >> PITNEY BOWES

ZIP 40202
02 1W      $ 007.17⁵
0001376043 FEB. 10. 2016

GGNSC Louisville St. Matthews LLC
c/o Corporation Service Company
421 West Main Street
Frankfort, KY 40601