UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-00122-JHM

DEBORAH RINEY, ADMINISTRATRIX OF THE ESTATE
OF JOSEPH A. RINEY, JR. DECEASED                                              PLAINTIFF

VS.

GGNSC LOUISVILLE ST. MATTHEWS, LLC
D/B/A GOLDEN LIVINGCENTER – ST. MATTHEWS                       DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, GGNSC Louisville St. Matthews, LLC d/b/a Golden LivingCenter-St. Matthews (hereinafter "GLC"), to compel arbitration and stay the lawsuit pending alternative dispute resolution proceedings [DN 4]. Fully briefed, this matter is ripe for decision.

I. BACKGROUND

Joseph A. Riney, Jr., was admitted to GLC, a long-term care facility, on September 19, 2011. Prior to his admission, Mr. Riney executed a Power of Attorney to Deborah Riney, Laura Riney, and Linda Swenson. The Power of Attorney vested Mr. Riney's attorneys-in-fact with:

> full power for me and in my name and stead, to make contracts, lease, sell or convey any real or personal property that I may now or hereafter own; to retain and release all liens on real or personal property; to receive and receipt for any money which may now or hereafter be due me from any source; to invest or reinvest my money for me; to draw, make and sign any and all checks, contracts or agreements; to institute or defend suits concerning my property or rights; and generally to do and perform for me and in my name all that I might do if present.

(Riney Nov. 2, 2006 Power of Attorney.)

Upon admission to the facility, one of Mr. Riney's attorneys-in-fact, Linda Swenson,

signed a document titled "Alternative Dispute Resolution Agreement" with GLC. Under the Agreement, the parties agreed that any disputes arising out of or in any way relating to Mr. Riney's residency at the facility would be submitted to binding arbitration including "negligence; gross negligence; malpractice; and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards." (Alternative Dispute Resolution Agreement at 10.) Further, the Agreement provided that "[t]he parties understand, acknowledge, and agree that they are selecting a method of resolving disputes without resorting to lawsuits or the courts . . . ." (Id. at 9.)

On February 10, 2016, Deborah Riney, Administratrix of the Estate of Joseph A. Riney, filed a complaint in the Jefferson Circuit Court against GLC for negligence, corporate negligence, violations of long-term care residents' rights, and wrongful death. The complaint alleges that Mr. Riney suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, as well as injuries, falls, medication errors, inappropriate oxygen care, failure to promote dignity by allow Mr. Riney to remain in saturated diapers frequently, delayed responses for requested care, uninhabitable conditions in his room due to lack of air conditioning in the summer months, failure to dress Riney appropriately, failure to provide IVs, dehydration, and death. Plaintiff seeks compensatory and punitive damages.

On February 25, 2016, Defendant removed the lawsuit to this Court and now moves to compel arbitration and stay the lawsuit pending alternative dispute resolution proceedings.

## II. DISCUSSION

### A. Wrongful Death Claim

Plaintiff argues that she is not required to arbitrate the wrongful death claim. Plaintiff

contends that under Kentucky law wrongful death beneficiaries are not bound by the arbitration agreements at issue before the Court.  Relying upon the Kentucky Supreme Court opinion in Ping v. Beverly Enterprises, Inc., 376 S.W.3d 581 (Ky. 2012), the Plaintiff argues that a wrongful death claim does not derive from any claim on behalf of the decedent and, accordingly, the wrongful death beneficiaries "do not succeed to the decedent's dispute resolution agreements." Id. at 600.  The Plaintiff argues that a wrongful death action actually belongs to the beneficiary of the decedent in a wrongful death action. KRS § 411.130(2).  Plaintiff maintains that the allegations of wrongful death have been made by Deborah Riney, the daughter and beneficiary to any proceeds recoverable in the wrongful death action.  Thus, she is not, nor can she be, bound by the Alternative Dispute Resolution.  In response, Defendant argues that Ping is inconsistent with federal law and is preempted by the Federal Arbitration Act ("FAA").

The Sixth Circuit Court of Appeals recently examined this issue and concluded that under Ping the wrongful death beneficiaries are not bound by arbitration agreements of which they are not a party and that Ping does not violate the FAA.  Richmond Health Facilities v. Nichols, 811 F.3d 192, 195-96 (6th Cir. 2016).  In Richmond Health Facilities, the Sixth Circuit held that "[u]nder Ping and its progeny, [the beneficiary] is not required to arbitrate the wrongful-death claim." Id. at 197.  "Because the wrongful-death claim is independent in nature under Ping, Mr. Nichols, as the decedent, possessed 'no cognizable legal rights in the wrongful death claim[] arising upon [his] demise' when he signed the Agreement." Id. See also Ping, 376 S.W.3d 587 (arbitration agreement executed between executrix, in her capacity as the decedent's agent, and the facility).  The Sixth Circuit further concluded that Ping is not preempted by the FAA under the standard articulated in AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011).  Richmond Health Facilities, 811 F.3d at 197-198.  Based on this case law, the Court finds that Plaintiff is

3

not required to arbitrate the wrongful death claim.

### B. Personal Injury and Statutory Claims

In contrast with wrongful death claims, the personal injury and statutory claims arising under KRS § 216.510, *et. seq.*, belong to the decedent; and the respective estates succeed to those claims to the extent such claims survive the decedent's death. Here, Plaintiff concedes that there is no dispute that *if* the arbitration agreement was validly formed, it is enforceable as written under both the Kentucky Uniform Arbitration Act (KUAA), KRS § 417.050, and the Federal Arbitration Act (FAA), 9 U.S.C. § 1, at least with respect to the Plaintiff's claims for personal injury and statutory violations. And while recognizing that these claims are derivative of the decedent, Plaintiff argues that Linda Swenson, acting as Mr. Riney's attorney-in-fact, lacked authority to execute the Alternative Dispute Resolution Agreement on his behalf in light of the holding in Extendicare Homes, Inc. v. Whisman, 478 S.W.3d 306 (Ky. 2015).

In Whisman, the Kentucky Supreme Court addressed whether based on Ping the attorney-in-fact has the authority to enter into a pre-dispute agreement to arbitrate any claims arising between the respective principals and the nursing home facilities providing their care. 478 S.W.3d at 314. The Kentucky Supreme Court stated that "'[w]ithout any doubt, one may expressly grant to his attorney-in-fact the authority to bargain away his rights to access the courts and to trial by jury by entering into a pre-dispute arbitration agreement.'" Preferred Care of Delaware, Inc. v. Crocker, 2016 WL 1181786, *7 (W.D. Ky. Mar. 25, 2016) (citing Whisman, 478 S.W.3d at 329). However, "building on its analysis in Ping, the [Kentucky Supreme Court] held that it 'will not . . . infer from the principal's silence or from a vague and general delegation of authority to 'do whatever I might do,' that an attorney-in-fact is authorized to bargain away his principal's rights of access to the courts and to a jury trial in future matters as yet not

4

anticipated or even contemplated.'" Id. The Court held that:

> [W]e are convinced that the power to waive generally such fundamental constitutional rights must be unambiguously expressed in the text of the power-of-attorney document in order for that authority to be vested in the attorney-in-fact. The need for specificity is all the more important when the affected fundamental rights include the right of access to the courts . . ., the right of appeal to a higher court . . ., and the right of trial by jury, which incidentally is the only thing that our Constitution commands us to "hold sacred." See Ky. Const. § 7 ("The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution.").

Whisman, 478 S.W.3d at 328. Based on this discussion, the Kentucky Supreme Court held that language giving the agent the power "to draw, make, and sign any and all checks, *contracts*, notes, mortgages, agreements, or any other document including state and Federal tax returns" is insufficient to create the power to sign arbitration agreements on the principal's behalf. Id. 324-328. Further, the Kentucky Supreme Court also found that "giving one's attorney-in-fact the power to 'institute or defend suits' does not confer upon him the power to sign an arbitration agreement on the principal's behalf." Crocker, 2016 WL 1181786, *8 (citing Whisman, 478 S.W.3d at 323-324). Additionally, the Kentucky Supreme Court rejected the notion that its holding conflicted with FAA.

In its motion to compel arbitration, Defendant maintains that Whisman directly contradicts principles embodied in the FAA and is preempted. The United States Supreme Court has described two specific situations where the FAA preempts a state law or rule: (1) "when a state law prohibits outright the arbitration of a particular type of claim." and (2) "when a doctrine normally thought to be generally applicable, such as duress or . . . unconscionability, is alleged to have been applied in a fashion that disfavors arbitration." AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 341 (2011). In the second situation, the court "must determine whether the state

law rule would have a 'disproportionate impact' on arbitration agreements." Crocker, 2016 WL 1181786, *6 (citing Richmond Health Facilities, 811 F.3d at 197). Plaintiff urges this Court to find that Whisman is preempted for the reasons set forth in Preferred Care of Delaware, Inc. v. Crocker, 2016 WL 1181786, *7 (W.D. Ky. Mar. 25, 2016) and GGNSC Louisville Hillcreek, LLC v. Watkins, 2016 WL 815295 n. 3 (W.D. Ky. Feb. 29, 2016).

After a review of the case law, the Court agrees with Judge Thomas Russell's decision in Crocker and finds "that Kentucky's requirement that a power of attorney explicitly enumerate an attorney-in-fact's power to sign an arbitration agreement violates the FAA as it fails the second inquiry under Concepcion." Crocker, 2016 WL 1181786, at *9. The Court adopts the reasoning set forth in Crocker,

> Though the second inquiry under Concepcion is "more complex," this Court believes that the Kentucky Supreme Court's decision in Whisman fails the second inquiry and, therefore, is invalid. The rule established by Kentucky's highest court conflicts with the goals and policies of the FAA, as they are "antithetical to threshold limitations placed specifically and solely on arbitration." Doctor's Associates [Inc. v. Cascrotto], 517 U.S. [681, 688 (1996)]. The Kentucky Supreme Court's requirement that a principal in his power of attorney explicitly convey to an attorney-in-fact the right to enter into a pre-dispute arbitration agreement "places arbitration agreements in a class apart from 'any contract,' and singularly limits their validity." Id. Consequently, the court's rule is "inconsonant with, and is therefore preempted by, the federal law." Id.
> With regards to Ms. Tyler's power of attorney, it gives Ms. Crocker the power "to draw, make and sign any and all checks, *contracts*, notes, mortgages, agreements, or any other document including state and Federal tax returns" on Ms. Tyler's behalf. (Docket No. 23–2 at 1 (emphasis added).) It also gives Ms. Crocker the authority to "institute or defend suits concerning [Ms. Tyler's] property or rights." Id. The Court finds that this language conveys upon Ms. Crocker the authority to sign a pre-dispute arbitration agreement on Ms. Tyler's behalf. See Sorrell v. Regency Nursing, LLC, No. 3:14–CV–00304–TBR, 2014 WL 2218175, at *3 (W.D. Ky. May 28, 2014); Oldham v. Extendicare Homes, Inc., 2013 WL 1878937, at *3–5 [(W.D. Ky. May 3,

2013)].

Crocker, 2016 WL 1181786, at *11 (citing Whisman, 478 S.W.3d at 354 (Abramson, J., dissenting) ("[A]s the United States Supreme Court has made absolutely clear, what state law cannot do directly—disfavor arbitration—it also cannot do indirectly by favoring arbitration's correlative opposite, a judicial trial. Since that is the express purpose of the rule the majority pronounces and since the application of that rule will clearly have a disproportionate effect on the ability of agents to enter arbitration agreements (as opposed to other contracts), the majority's new rule is plainly invalid.")). See also GGNSC Louisville Hillcreek, 2016 WL 815295 n. 3.

Here, Mr. Riney's power of attorney authorized Swenson to "make and sign any and all . . . contracts or agreements" and "to institute or defend suits concerning my property or rights." As in Crocker, this language conveys upon Swenson the authority to sign a pre-dispute arbitration agreement on Mr. Riney's behalf. Accordingly, the Court will enforce the arbitration agreement as it relates to all personal injury and statutory claims.

### C. Stay

Given the Court's decision, it is necessary to divide the claims for resolution. As explained above, the wrongful death claim is not subject to arbitration. Plaintiff's remaining claims for negligence, corporate negligence, and violations of long-term-care residents' rights are compelled to arbitration. The action will be stayed pending arbitration. See Richmond Health Facilities, 811 F.3d at 200-201(approving the arbitration of all claims except for wrongful death and staying the proceeding).

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by

7

Defendant, GGNSC Louisville St. Matthews, LLC d/b/a Golden LivingCenter-St. Matthews (hereinafter "GLC"), to compel arbitration and stay the lawsuit pending alternative dispute resolution proceedings [DN 4] is **GRANTED IN PART AND DENIED IN PART**. The pending action is **STAYED** and arbitration is **COMPELLED** regarding all claims except the claim for wrongful death.

                                              */s/ Joseph H. McKinley*

                                    **Joseph H. McKinley, Jr., Chief Judge**
                                          **United States District Court**

                                                      May 12, 2016

cc: counsel of record